UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV50-EHJ

PAMELA R. NICHOLS                                                                                PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                        DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon plaintiff Pamela Nichols' objections to the Report and Recommendation of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed Report and Recommendation of the magistrate should be adopted, and the Decision of the Commissioner should be affirmed.

Born on May 25, 1972, Ms. Nichols was originally awarded childhood supplemental security income benefits due to neurofibromatosis and scoliosis in September of 1980. Her benefits were subsequently terminated on May 1, 2001 due to medical improvement following spinal and other corrective surgeries. After a hearing on November 12, 2002, Administrative Law Judge Roland Mather ("ALJ") found that though Ms. Nichols continues to suffer from severe impairments of neurofibromatosis and scoliosis, the conditions have medically improved. The ALJ's basis for finding medical improvement was an April 14, 2001 examination by physician Mark Burns (Tr. 138-141) and the completion of a physical residual functional capacity assessment on May 11, 2001 by state agency program physician Kenneth Phillips (Tr. 142-152). Based upon Dr. Burns' findings on examination, Dr. Phillips assessed physical limitations that would allow for Ms. Nichols to perform

a limited range of light work.  The ALJ opined that the medical improvement was related to the claimant's ability to work, and that there exist a significant number of jobs in the national economy which she could perform.

The claimant appealed the ALJ's unfavorable Decision to this Court, and the Magistrate Judge has recommended that the Commissioner's Decision be upheld.  The plaintiff has filed objections to the Magistrate's report, arguing that she unknowingly waived her right to representation by an attorney and that the Commissioner did not follow HALLEX procedure regarding notification of her right to counsel.  The plaintiff urges that the magistrate judge misconstrued the purpose for which the psychological report of Ollie C. Dennis was filed – that is, the plaintiff filed it not to prove she satisfies the criteria of Listing 12.05, but for the purpose of showing she was mentally incapable of fully participating in the proceedings or of making an intelligent waiver of representation.

A social security claimant has a statutory right to counsel at a social security hearing, 42 U.S.C. §406.  A claimant may waive the right to representation by acknowledging that she is aware of her right to be represented and nonetheless wishes to proceed without representation, Duncan v. Secretary of HHS, 801 F.2d 847, 855-856 (1986).  Any waiver of this right must be knowingly and intelligently effected.  In this instance, the ALJ ensured that Ms. Nichols' waiver of counsel was valid by advising her of the ways in which an attorney could be helpful to her, by pointing out the possibility of free counsel or a contingency fee arrangement, and explaining the limitation of attorney's fees to 25% and the requirement of court approval of the fees charged.  Ms. Nichols acknowledged her right to be represented by counsel, indicated that she had attempted to enlist counsel to represent her, and further acknowledged her wish to proceed with the hearing without

counsel. From the exchange contained in the hearing transcript, it is clear that Ms. Nichols was aware of her right to counsel and that she voluntarily waived that right.

This Court also finds that the ALJ conducted an adequate hearing. Because she was unrepresented, the ALJ owed Ms. Nichols a special duty to ensure that a full and fair administrative record was developed, Lashley v. Secretary of HHS, 708 F.2d 1048, 1051 (6th Cir. 1983). The mere fact that she was unrepresented is not grounds for reversal, Holden v. Califano, 641 F.2d 405, 408 (6th Cir. 1981). The Court has reviewed the record in this case and determines that plaintiff was not adversely affected by her lack of representation. Plaintiff claims that assistance of counsel would have ensured that Ms. Nichols' non-exertional impairments were developed and placed into the record. Specifically, counsel points to numerous facts that support Ms. Nichols' mental disorders: she dropped out of school in the eighth grade at age 15 to get married, she has never held a job or learned to drive, she testified that she can only read and write some, she has received treatment for depression in the form of Prozac with little relief. Unfortunately, the record before the ALJ at the time of the hearing contained little if any evidence of any mental limitations that would preclude simple unskilled work. Accordingly, the ALJ was under no duty to further develop the record under Lashley.

The ALJ thoroughly reviewed the evidence presented in this case and adequately discussed in the Decision his analysis of plaintiff's claims, the medical exhibits and the testimony. The Court finds that plaintiff received a full and fair hearing, and that the ALJ's Decision is supported by substantial evidence. Accordingly, the Court adopts the Magistrate's Report and Recommendation, and the Commissioner's Decision is affirmed.

A Judgment in conformity has this day entered.